NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3241
_____

PRIMEPOINT, L.L.C.

v.

PRIMEPAY, INC.,
Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 1-06-cv-01551)
District Judge: Hon. Renee M. Bumb

Argued: September 23, 2010

Before: McKEE, *Chief Judge*, AMBRO and CHAGARES, *Circuit Judges*


(Opinion filed: November 29, 2010)


Philip S. Burnham, II, Esq.
Burnham Law Group
Plaza 1000 at Main Street
Suite 202
Voorhees, NJ 08043

Douglas V. Rigler, Esq. (Argued)
Young & Thompson
209 Madison Street
Suite 500
Alexandria, VA 22314
       *Counsel for Appellant*

Abbe Fletman, Esq. (Argued)
Flaster Greenberg
1600 John F. Kennedy Boulevard
2nd Floor
Philadelphia, PA 19103

Adam E. Gersh, Esq.
Darren H. Goldstein, Esq.
Flaster Greenberg
1810 Chapel Avenue West
Cherry Hill, NJ 08002
      *Counsel for Appellee*

_____

OPINION
_____

McKEE, *Chief Judge*.

PrimePay, Inc. appeals the district court's final judgment that Primepoint, L.L.C. did not infringe upon PrimePay's trademarks. For the reasons set forth below, we will affirm.

Because we write primarily for the parties, we need not repeat the facts and procedural history of this case. Moreover, the district court has ably summarized that background and explained the legal issues in this case. *See Primepoint, L.L.C. v. Primepay, Inc.*, 2009 WL 1884369 (D.N.J. June 30, 2009); *Primepoint, L.L.C. v. Primepay, Inc.*, 545 F. Supp. 2d. 426 (D.N.J. 2008). On appeal, PrimePay argues that the district court; (1) legally erred when it failed to enjoin Primepoint's use of the PrimeTax mark, and (2) legally and factually erred when it determined that there was no likelihood

of confusion between the marks of PrimePay and Primepoint, and therefore Primepoint did not infringe PrimePay's mark.

PrimePay argues that the district court erred in failing to enjoin Primepoint's use of the mark "PrimeTax." However, there is no evidence on this record that Primepoint continued to use that mark after it agreed to cease all use. It agreed to cease the use upon being notified that its use may infringe PrimePay's trademark. Although PrimePay argues that it is nevertheless entitled to the requested injunction, it is clear that the district court did not err in refusing to enjoin something that was no longer occurring, absent evidence of the likelihood that an infringing use would occur again in the future.

While "the court's power to grant injunctive relief survives discontinuance of the illegal conduct. the purpose of an injunction is to prevent future violations." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). Where the illegal conduct has ceased, the party seeking the injunction bears the burden of proving "that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id.*

We also reject PrimePay's claim that the district court erred when it determined that PrimePay's proof did not establish a sufficient likelihood of confusion between the marks of PrimePay and Primepoint to get relief. Judge Bumb issued a detailed and thoughtful opinion that carefully and clearly explained her reasons for finding that PrimePay had not established a likelihood of confusion, *see Primepoint, L.L.C. v. Primepay, Inc.*, 2009 WL 1884369 (D.N.J. June 30, 2009), and we will affirm substantially for the reasons set forth by Judge Bumb.

3